UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HOWARD RICHARDSON,<br><br>      Plaintiff<br><br>v.<br><br>SUSA PARTNERSHIP, L.P.,<br><br>      Defendant. | Civil Action No. 04-11412-NG |

## ANSWER TO COMPLAINT

Defendant, SUSA Partnership, L.P. ("SUSA"), submits the following Answer to Plaintiff's Complaint for Damages:

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1.

2. Defendant denies the allegations in Paragraph 2, except states that SUSA has an office located at 175 Toyota Plaza in Memphis, Tennessee and that SUSA does business as Storage USA at a facility located on Ferry Road in Haverhill, Massachusetts. SUSA further states that it is a Tennessee limited partnership.

3. Defendant denies the allegations in Paragraph 3, except admits that SUSA hired the Plaintiff as a maintenance employee on August 20, 2001 and that Plaintiff is African American.

4. Defendant admits that SUSA suspended Richardson in late April 2002 and terminated Richardson in late April 2002. Defendant denies each and every other allegation in Paragraph 4.

5. Defendant denies the allegations in Paragraph 5, including all subparts.

6. Defendant denies the allegations in Paragraph 7.

7. Defendant admits the allegations in Paragraph 8.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and further states that Paragraph 9 refers to a document that speaks for itself.

9. Defendant denies the allegations in Paragraph 10.

10. The allegations in Paragraph 11 are conclusions of law to which no response is required and, to the extent Paragraph 11 sets forth further factual allegations, they are denied.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because of insufficiency of process.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claim for damages is barred by the doctrine of unclean hands.

WHEREFORE, Defendant respectfully requests that the Court:

1. Enter judgment in Defendant's favor and dismiss Plaintiff's Complaint in its entirety;

2. Award Defendant its costs;

3. Deny Plaintiff's claims for damages in their entirety; and

4. Award Defendant such other relief as may be just and proper.

                                Respectfully submitted,

                                SUSA Partnership, L.P.

                                /s/ Thomas Royall Smith
                                Thomas Royall Smith (BBO # 470300)
                                Amanda S. Rosenfeld (BBO # 654101)
                                Jackson Lewis LLP
                                75 Park Plaza
                                Boston, MA 02116
                                (617) 367-0025

Dated: July 26, 2004