# EXHIBIT B



Representing Management Exclusively in Workplace Law and Related Litigation

| Jackson Lewis LLP | ATLANTA, GA | LOS ANGELES, CA | RALEIGH-DURHAM, NC |
| 75 Park Plaza | BOSTON, MA | MIAMI, FL | SACRAMENTO, CA |
| Boston, Massachusetts 02116 | CHICAGO, IL | MINNEAPOLIS, MN | SAN FRANCISCO, CA |
| | DALLAS, TX | MORRISTOWN, NJ | SEATTLE, WA |
| Tel 617 367-0025 | GREENVILLE, SC | NEW YORK, NY | STAMFORD, CT |
| Fax 617 367-2155 | HARTFORD, CT | ORLANDO, FL | WASHINGTON, DC REGION |
| www.jacksonlewis.com | LONG ISLAND, NY | PITTSBURGH, PA | WHITE PLAINS, NY |

June 22, 2005

**VIA FACSIMILE & U.S. MAIL**

Thomas J. Gleason, Esq.
Gleason Law Offices, P.C.
163 Merrimack Street
Haverhill, MA 01830

          Re:    *Richardson v. SUSA Partnership, L.P.*
                  Civil Action No. 04-11412-NG

Dear Mr. Gleason:

      As you know, we deposed the plaintiff on June 13, 2005. Your colleague, William Boland, defended Mr. Richardson. During that deposition, we offered into evidence Mr. Richardson's time report for the week ending April 21, 2002. This time report indicates that Mr. Richardson worked one-and-a-half hours on Saturday, April 20, 2002. Mr. Richardson authenticated this document by testifying that it was his signature on the bottom of the time report and that he personally dated the document April 21, 2002. Mr. Boland abruptly asked for a brief recess to speak with his client. After the deposition resumed and direct examination of the plaintiff was completed, likely realizing the gravity of the document he had just authenticated, Mr. Richardson recanted his earlier testimony and testified that, in fact, it was *not* his signature on the bottom of the time report.

      Attached you will find a document that juxtaposes Mr. Richardson's signature from several different documents, some of which were produced as part of plaintiff's document responses. One of these signatures was taken from the bottom of Mr. Richardson's time report for the week ending April 21, 2002 -- the signature Mr. Richardson initially authenticated at his deposition and then denied was his own. You will see that these signatures are essentially indistinguishable from each other. Please also note Mr. Richardson's name as it is printed at the top of the time report for the week ending April 21, 2002. This handwriting too is indistinguishable from Mr. Richardson's printed name on a number of other documents that were produced as part of plaintiff's document responses. Mr. Richardson's recanting of his deposition testimony defies logic and is alarming.



Thomas J. Gleason, Esq.
June 22, 2005
Page 2

In light of these developments, we suggest that you seriously consider our earlier settlement offer of $2,500.00. We will leave this offer open until June 30, 2005. If your client has not accepted our offer by that date, we will withdraw our offer and take whatever action we believe is appropriate under the circumstances.

Thank you.

Very truly yours,

JACKSON LEWIS LLP

*Thomas Royall Smith /ASR*

Thomas Royall Smith

cc:   Amanda S. Rosenfeld

   Enclosure

*Howard E Richardson*

*Howard Richardson*

*Howard Richardson*

*Howard Richardson*

*Howard Richardson*

*Howard E Richardson*

*Howard Richardson*

*Howard E Richardson*