UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| HOWARD RICHARDSON,<br>Plaintiff<br><br>Vs.<br><br>SUSA PARTNERSHIP, LP,<br>Defendant. | )<br>)<br>)<br>)   Civil Action No.: 04-11412-NG<br>)<br>)<br>)<br>)<br>) |

## OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS

The plaintiff, an African-American male, was employed as a maintenance person SUSA's storage facility in Haverhill, Massachusetts. The plaintiff was terminated from employment on April 24, 2002. The reason the plaintiff was given for his termination was t he appeared for work on April 20, 2002 under the influence of alcohol. The plaintiff mainta that he was not scheduled to work, and did not work, on April 20, 2002. The plaintiff claims as asked to drop off keys at work by a supervisor, which he did, but he did not actually wo His claims in this regard are corroborated by this supervisor. See Exhibit 1. The plaintiff d not deny that he had consumed alcohol on April 20, 2002. The plaintiff believes he has b discriminated against because of his race.

During discovery, the defendant produced a time card which appears to indicate that plaintiff, contrary to his representations, did in fact work on April 20, 2002. See Exhibit 2. plaintiff disputes the accuracy of the time card. Some of the writing on the time card appear be his; some of the writing is clearly not his.

During his deposition the plaintiff was questioned extensively about this time card. of his testimony in this regard is attached as Exhibit 3. It is clear from his testimony that

1

plaintiff has considerable misgivings about the validity of this time card, for a number reasons. Prior to speaking with counsel during the deposition, the plaintiff had already testi that he thought the writing may have been added to the document after he signed it and tha had "…never signed anything like this." See Exhibit 2, page 61. Given these impor concerns and discrepancies, which he explains in his deposition testimony, the plaintiff disp the validity of this time card and is uncertain whether the signature on it is his.

After the deposition was concluded, defense counsel corresponded with plainti counsel on June 22, 2005 and July 1, 2005 concerning the issue of the plaintiff's deposit testimony. On July 6, 2005 plaintiff's counsel asked to see the original of the documen question in an effort to resolve this situation. See Exhibit 4. At a later time, plaintiff's cou was told by defense counsel that his client does not have the original document. On July 2005 the plaintiff propounded written discovery requests which asked, in part, for access to time sheets relative to the plaintiff. The plaintiff has not yet received any responses to discovery requests.

As stated above, the plaintiff has a legitimate, good faith concern about the validity of document in question. By requesting the original document, and requesting all applicable t cards, plaintiff is making every effort to analyze the evidence in an attempt to resolve this is As yet, the defendant has not been forthcoming with this evidence. The plaintiff intends continue his examination of the evidence, but at this time he is unable to determine whether signature on the document in question is truly his.

For the reasons and arguments set forth above, the defendant's Motion should be denie

Dated: 9/19/05

RESPECTFULLY SUBMITTED
FOR THE PLAINTIFF
BY HIS ATTORNEY

_____
Thomas J. Gleason, Esquire
GLEASON LAW OFFICES, P.C.
163 Merrimack Street
Haverhill, MA 01830
(978) 521-4044
BBO# 547134

CERTIFICATE OF SERVICE

I, Thomas J. Gleason, Esquire do hereby certify that I have this 19th day of September 2005 forwarded a copy of the within document, postage prepaid to: Thomas Royall Sm Esquire, Amanda S. Rosenfeld, Esquire, JACKSON LEWIS, LLP, 75 Park Plaza, Boston, M 02116.

_____
Thomas J. Gleason, Esquire